**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**MARQUAVIOUS AVERY,**

     **Plaintiff,**

**v.**                             **Case No.  5:26-cv-114-TKW-MJF**

**DAKOTA POTTER, et al.,**

     **Defendants.**

_____/

**ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 8) and Plaintiff's objection (Doc. 10).  The Court reviewed the issues raised in the objection de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history.  *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook Plaintiff's argument that he did not have access to the case numbers for his prior cases because prison officials took his legal materials from him, but that is not a sufficient excuse because Plaintiff could have (and should have) requested that information from the clerk of the courts where those cases were filed before he filed a new case.  *See Runge v. Desantis*, 2023 WL 5532146, at *1

Page 1 of 3

(N.D. Fla. Aug. 28, 2023) (rejecting prisoner's argument that his failure to disclose prior case should be excused because his prison officials lost or destroyed his legal materials and explaining that "if for whatever reason Plaintiff no longer has a list of his prior cases, 'he can (and should) request [that information] from the appropriate clerks' offices before filing a new case'") (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)) (alteration in original)).  Likewise, Plaintiff's argument that he was "confused" by Question C on the complaint form is not persuasive because that question clearly asked whether Plaintiff had filed any prior cases challenging his conviction or conditions of confinement in "state or federal court" (not just federal court as Plaintiff claims in his objection) and there is nothing confusing about that question.  *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022) (affirming dismissal of inmate's suit for failure to fully disclose his litigation history and rejecting inmate's argument that the litigation history questions on the civil rights complaint form were confusing); *Stewart v. Dixon*, 2026 WL 738224, at *1 (N.D. Fla. Mar. 16, 2026) (dismissing suit for failure to list state appeals in response to Question C because that question clearly required listing of both state and federal cases); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (dismissing suit for failure to disclose prior case and rejecting inmate's argument that he simply made an "honest mistake" because "the question on [the complaint form] to which Plaintiff falsely answered

'no,' was clear and unambiguous and does not require a legal education to understand")

Accordingly, it is **ORDERED** that:

1.      The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.      This case is **DISMISSED without prejudice** under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

3.      The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 8th day of June, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**